1  CRAIG B. FRIEDBERG, ESQ.
   Nevada Bar No. 004606
2  3745 Edison Avenue
   Las Vegas, Nevada 89121
3  Phone: (702) 435-7968; Fax: (702) 946-0887

4  Attorney for Plaintiff



2006 JAN -6 P 3: 59

7  UNITED STATES DISTRICT COURT
8  DISTRICT OF NEVADA

10 DARREN CHAKER-DELNERO,

11       Plaintiff,

12 vs.

13 BUTLER & HAILEY, a Texas professional corporation, S-G OWNER'S ASSOCIATION, a Texas corporation, PLANNED COMMUNITY MANAGEMENT, INC., a Texas Corporation, DOES I-V, inclusive and ROE Corporations VI-X, inclusive,

16       Defendants.

CASE NO.:

CV-S-06-0022

**COMPLAINT & DEMAND FOR TRIAL BY JURY**

**EIGHT PERSON JURY DEMANDED**

18       1.       This is a claim for actual, statutory, multiple and exemplary damages brought by the named plaintiff, DARREN CHAKER-DELNERO (hereinafter referred to as "plaintiff" or "Chaker-Delnero"), for defendants' violations of the Fair Debt Collection Practices Act (hereinafter referred to as the "FDCPA"), 15 U.S.C. §1692, *et seq.*, and the Texas Debt Collection Act, Tex.Fin.Code § 392.001 *et seq.* (hereinafter "TDCA"), which expressly prohibits a debt collector from engaging in deceptive, unfair and unconscionable debt collection practices.

25       2.       Jurisdiction of this Court is invoked under 15 U.S.C. §1692k(d), 28 U.S.C. §1337, and supplemental jurisdiction exists for the state law claims under 28 U.S.C. § 1367. Venue in this District is proper because Plaintiff resides in Nevada and the conduct complained of occurred here. Specifically, Defendants reside in Texas and sent a facsimile transmission into Nevada that violates the FDCPA and the TDCA.

3. Chaker-Delnero is a "consumer" as defined in the Act at 15 U.S.C.§1692a(3) and Tex.Fin.Code Ann. § 392.3001(1) who may or may not have been obligated to pay money to a creditor.

4. Defendant, BUTLER & HAILEY (hereinafter referred to as "B&H", allegedly, is a professional corporation, organized and existing under the laws of the state of Texas, with its principal place of business at 1616 South Voss Road, Suite 500, Houston, Texas, 77057.

5. Defendant, S-G OWNER'S ASSOCIATION, (hereinafter referred to as "S-G OA"), allegedly is a corporation incorporated under the laws of Texas or licensed therein.

6. Defendant, PLANNED COMMUNITY MANAGEMENT, INC. (hereinafter referred to as "PCMI"), allegedly is a corporation incorporated under the laws of Texas or licensed therein.

7. Defendants regularly collect or attempt to collect consumer debts owed or due or asserted to be owed or due another.

8. S-G OA is a "debt collector" as defined by Tex.Fin.Code Ann. § 392.001(6).

9. PCMI is a "debt collector" as defined by Tex.Fin.Code Ann. § 392.001(6).

10. B&H is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Tex.Fin.Code Ann. § 392.001(6).

11. B&H is a "third-party debt collector" as defined by Tex.Fin.Code Ann. §392.001(7).

12. The alleged debt was incurred by the plaintiff primarily for personal, family, or household purposes.

13. Defendants purported to be involved in collection efforts with regard to plaintiff's disputed debt to S-G OA within one year before the date of this action.

14. Plaintiff is unaware of the true names and legal capacities, whether individual, corporate, associate, or otherwise, of the Defendants DOES I-V and ROE Corporations VI-X, sued herein inclusive, and therefore sues Defendants by such fictitious names.

15. Plaintiff is informed and believes, and thereon alleges, that each of the Defendants designated herein as DOES I-V and ROE Corporations VI-X, are in some way legally responsible and liable for the events referred to herein, and proximately caused the damages alleged herein.

16. Plaintiff prays leave to insert said Defendants' true names and legal capacities when ascertained.

17. At all times material hereto, and in doing the acts and omissions alleged herein, the Defendants and each of them, including DOES I-V and ROE Corporations VI-X, acted individually and/or through their officers, agents, employees, and co-conspirators, including the fictitious Defendants named herein, each of whom was acting within the purpose and scope of that agency, employment and conspiracy, and said acts and omissions were known to, and authorized and ratified by, each of the other Defendants.

## COUNT ONE

18. Plaintiff repeats and realleges and incorporates by reference paragraphs one through seventeen, inclusive, above.

19. Defendants' collection efforts mischaracterized the amount of the alleged past due debt, presented confusing language to Plaintiff which overshadowed the notice mandated in the FDCPA at 15 U.S.C. §1692g, falsely attempted to collect amounts it was not entitled to, demanded a fee to respond to Plaintiff's validation dispute and thereafter refused to validate the alleged debt, and falsely represented that communications Plaintiff received were from an attorney.

20. Defendants' collection efforts continued after receiving Plaintiff's written communication disputing the debt and asking for validation, while never providing Plaintiff with validation of the debt.

21. After receiving Plaintiff's letter disputing the debt and asking for validation, Defendants' collection efforts included harassing verbal and written communications that included, but were not limited to, false threats to throw Plaintiff in

- 3 -

jail if the alleged debt remained unpaid; misrepresentations as to the FDCPA's application to the Defendants, rude and coarse language the natural consequences of which is to abuse the Plaintiff and threats to contact third parties and neighbors regarding the alleged debt.

22. Defendants' collection efforts violated 15 U.S.C. §1692d, -e, -f, and/or -g.

## COUNT TWO

23. Plaintiff repeats and realleges and incorporates by reference paragraphs one through twenty-two, inclusive, above.

24. Defendants violated the TDCA by:

(a) collecting or attempting to collect a charge incidental to the obligation without first demonstrating to the consumer that the charge is expressly authorized by an agreement creating the obligation, in violation of Tex.Fin.Code Ann. §392.303(a)(2);

(b) accusing falsely or threatening to accuse falsely a person of fraud or any other crime, in violation of Tex.Fin.Code Ann. §392.301(a)(2);

(c) representing or threatening to represent to any person other than the consumer that a consumer is wilfully refusing to pay a nondisputed consumer debt when the debt is in dispute and the consumer has notified in writing the debt collector of the dispute, in violation of Tex.Fin.Code Ann. §392.301(a)(3);

(d) threatening that the debtor will be arrested for nonpayment of a consumer debt without proper court proceedings, in violation of Tex.Fin.CodeAnn. §392.301(a)(5);

(e) threatening to file a charge, complaint, or criminal action against a debtor when the debtor has not violated a criminal law, in violation of Tex.Fin.CodeAnn. §392.301(a)(6);

(f) threatening that nonpayment of a consumer debt will result in the seizure, repossession, or sale of the person's property without proper court

proceedings, in violation of Tex.Fin.Code Ann. §392.301(a)(7);

(g) threatening to take an action prohibited by law, in violation of Tex.Fin.Code Ann. §392.301(a)(8);

(h) using profane or obscene language or language intended to abuse unreasonably the hearer or reader, in violation of Tex.Fin.Code Ann. §392.302(1);

(i) placing telephone calls without disclosing the name of the individual making the call and with the intent to annoy, harass, or threaten a person at the called number, in violation of Tex.Fin.Code Ann. §392.302(2);

(j) collecting or attempting to collect interest or a charge, fee, or expense incidental to the obligation unless the interest or incidental charge, fee, or expense is expressly authorized by the agreement creating the obligation or legally chargeable to the consumer, in violation of Tex.Fin.Code Ann. §392.303(a)(2);

(k) failing to disclose, that the communication is from a debt collector, if the communication is a subsequent written or oral communication between the third-party debt collector and the alleged debtor, in violation of Tex.Fin.Code Ann. §392.304(a)(5)(B);

(l) using a written communication that fails to indicate clearly the name of the debt collector and the debt collector's street address or post office box and telephone number if the written notice refers to a delinquent consumer debt, in violation of Tex.Fin.Code Ann. §392.304(a)(6);

(m) misrepresenting the character, extent, or amount of a consumer debt, in violation of Tex.Fin.Code Ann. §392.304(a)(8);

(n) representing that a consumer debt will definitely be increased by the addition of attorney's fees, investigation fees, service fees, or other charges if the award of the fees or charges is subject to judicial discretion, in violation of Tex.Fin.Code Ann. §392.304(a)(13);

(o) using any other false representation or deceptive means to collect a debt or obtain information concerning a consumer, in violation of Tex.Fin.Code Ann. §392.304(a)(19);

(p) claiming that a debt is being collected by an attorney when it is not, in violation of Tex.Fin.Code Ann. §392.304(a)(17); and

(q) S-G OA used B&H as an independent debt collector at a time when S-G OA had actual knowledge that B&H repeatedly and/or continuously engaged in prohibited acts or practices in violation of Tex.Fin.Code Ann. §392.306.

25. Pursuant to Tex.Fin.Code Ann. § 392.404, the Defendants' violations of the TDCA also constitute a deceptive trade practice under Subchapter E, Chapter 17, Business & Commerce Code ("DTPA"), and is actionable under that subchapter.

26. Under Tex. Bus. & Com. Code Ann. § 17.50(b)(2), the Defendants' violations of the DTPA render them jointly and severally liable to Plaintiff for injunctive relief, and reasonable attorney's fees.

27. The Defendants are guilty of false, misleading, or deceptive acts or practices against the Plaintiff in violation of the prohibitions of Tex. Bus. & Com. Code Ann. § 17.46(b).

28. Defendants actions were knowing or intentional and they are liable to the Plaintiff for punitive, multiple, statutory and actual damages, attorney's fees and costs.

29. Plaintiff is also entitled, pursuant to the TDCA and the Texas DTPA, to injunctive and declaratory relief against the Defendants.

## COUNT THREE

30. Plaintiff repeats and realleges and incorporates by reference paragraphs one through twenty-nine, inclusive, above.

31. The conduct of the Defendants, and each of them, constituted extreme and outrageous conduct. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered intense emotional upset and physical symptoms. As a direct and proximate result of Defendants' conduct, Plaintiff has been damaged in an amount unknown to

Plaintiff at the present time, but believed to be in excess of $10,000.00.

32. In doing the acts herein alleged, Defendants acted with oppression, fraud and/or malice, and as a result thereof, Plaintiff is entitled to recover punitive damages.

## Prayer for Relief

WHEREFORE, Plaintiff respectfully prays, that judgment be entered against the Defendants for the following:

(1) an injunction stopping Defendants from continuing to attempt debt collection in a manner that is violative of the FDCPA, the TDCA and the Texas DTPA and also preventing Defendants from foreclosing on Plaintiff's real property.

(2) For general and compensatory damages;

(3) For statutory damages pursuant to 15 U.S.C. § 1692k(a) and Tex.Fin.CodeAnn. §392.301(a)(3);

(4) For a multiple of actual damages pursuant to Tex.Bus.&Com.Code §17.50;

(5) For exemplary damages;

(6) For reasonable attorney fees for all services performed by counsel in connection with the prosecution of this claim;

(7) For reimbursement for all costs and expenses incurred in connection with the prosecution of this claim; and

(8) For any and all other relief this Court may deem appropriate.

DATED this 4th day of January 2006.

Respectfully submitted by:

Craig B. Friedberg, Esq.
3745 Edison Ave.
Las Vegas, Nev. 89121
Attorney for Plaintiff