UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DARREN CHAKER-DELNERO,<br><br>          Plaintiff,<br><br> v.<br><br>BUTLER & HAILEY, a Texas Professional Corporation, *et al.*,<br><br>          Defendants. | Case No. 2:06-cv-00022-KJD-LRL<br><br>ORDER |

  Presently before the Court are Plaintiff's Applications to File Under Seal Attached Motions for Judicial Notice (#35/37), Petition to Reopen (#32), and Supplemental *Ex Parte* Motion to Seal (#31) in this action that was closed over fourteen (14) years ago.

I. Procedural History

  The Court previously sealed documents in accordance with Federal Rule of Civil Procedure 5.2. See Doc. No. 28. Defendant then filed a motion nearly nine years later, seeking to to seal the entire action and replace his name in the caption with "John Doe" in accordance with California Code of Civil Procedure § 367.3 and California Government Code § 6205 (which allows victims of certain crimes to keep their address confidential). See Doc. No. 30). Section 367.3 (b)(1) allows people qualified under section 6205 to proceed using a pseudonym such as John Doe and redact identifying characteristics.

  However, for several reasons, the Court denied (#34) Plaintiff's Motion to Seal. First, neither section of California code applied to this federal court. In this long-closed case which arose under original jurisdiction, the Court need not apply principles of comity as argued by Plaintiff. The cases he cited were distinguishable, because they involved on-going cases with mixed questions of state and federal law. See Maldonado v. Sec'y of Cal. Dept. of Corrs. and

Rehab., 2007 WL4249811, (E.D. Cal. November 30, 2007). Even when this case was active it only involved questions of federal law, no reference to California law was necessary.

The Court then applied the Ninth Circuit rules governing the use of fictitious names and found that Plaintiff had not met his burden in demonstrating the need to seal the action and use a fictitious name in the caption. The Court also cited several cases in which courts found that Plaintiff had misused the judicial process. See Chaker v. Nathan Enterprises, Corp., 2009 WL 10697759, *3, n.6 (C.D. Cal. April 21, 2009); Del Nero v. Midland Credit Management, Inc., CV 04-1040 (C.D. Cal. 2004) (Court found claim filed in bad faith and awarded attorney's fees); Chaker v. Richland, CV 05-7851 (C.D. Cal. 2005) (awarding attorney's fees for baseless lawsuit); Chaker v. Imperial Collection Services, CV 04-2728 (C.D. Cal. 2004) (finding claims without merit).

Unfortunately, the Court's Order (#34) on Plaintiff's original application to file under seal, was sent for docketing at the same time that Plaintiff's supplement was received in the mail for docketing. The present Supplement (#31) was docketed before the Court's Order (#34) was docketed, but before the Court had a chance to review it.

II. Analysis

However, nothing in the Supplement changes the appropriateness of the Court's Order (#34). Plaintiff has not identified any information that requires the Court to enter further orders sealing the case or changing the caption. Further, the Petition to Reopen (#32) is denied, because the case does not have to be active or "open" in order for the Court to rule on pending motions. Finally, the Court grants the Applications to Seal Attached Motions for Judicial Notice (#35/37).

III. Conclusion

Accordingly, IT IS HEREBY ORDERED that Supplemental *Ex Parte* Motion to Seal (#31) is **DENIED**;

IT IS FURTHER ORDERED that the Petition to Reopen (#32) is **DENIED**;

///

///

///

IT IS FURTHER ORDERED that the Applications to File Under Seal (#35/37) are **GRANTED**.

Dated this 24th day of November, 2021.

                                                    Kent J. Dawson
                                                    United States District Judge