UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| DARREN CHAKER-DELNERO,<br><br>　　　　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>BUTLER & HAILEY, a Texas Professional Corporation, *et al.*,<br><br>　　　　　　　　　　　　　Defendants. | Case No. 2:06-cv-00022-KJD-LRL<br><br>ORDER |

　　　　Presently before the Court are Plaintiff's Application to File Under Seal Attached Motion for Reconsideration (#39), Motion for Reconsideration (#40), Application to File Under Seal Attached Motion for Judicial Notice (#41), Motion to Seal Notice (#43) regarding Notice of Address Change (#42), and another Application to File Under Seal (#45) in this action that was closed over fifteen (15) years ago.

I. Procedural History

　　　　The Court previously sealed documents in accordance with Federal Rule of Civil Procedure 5.2 (#28). Defendant then filed a motion nearly nine years later, seeking to seal the entire action and replace his name in the caption with "John Doe" in accordance with California Code of Civil Procedure § 367.3 and California Government Code § 6205 (which allows victims of certain crimes to keep their address confidential). Section 367.3 (b)(1) allows people qualified under section 6205 to proceed using a pseudonym such as John Doe and redact identifying characteristics.

　　　　However, for several reasons, the Court denied (#34) Plaintiff's Motion to Seal. First, neither section of California code applied to this federal court. In this long-closed case which arose under original jurisdiction, the Court need not apply principles of comity as argued by

1  Plaintiff. The cases he cited were distinguishable, because they involved on-going cases with
2  mixed questions of state and federal law. See Maldonado v. Sec'y of Cal. Dept. of Corrs. and
3  Rehab., 2007 WL4249811, (E.D. Cal. November 30, 2007). Even when this case was active it
4  only involved questions of federal law, no reference to California law was necessary.

5      The Court then applied the Ninth Circuit rules governing the use of fictitious names and
6  found that Plaintiff had not met his burden in demonstrating the need to seal the action and use a
7  fictitious name in the caption. The Court also cited several cases in which courts found that
8  Plaintiff had misused the judicial process. See Chaker v. Nathan Enterprises, Corp., 2009 WL
9  10697759, *3, n.6 (C.D. Cal. April 21, 2009); Del Nero v. Midland Credit Management, Inc.,
10 CV 04-1040 (C.D. Cal. 2004) (Court found claim filed in bad faith and awarded attorney's fees);
11 Chaker v. Richland, CV 05-7851 (C.D. Cal. 2005) (awarding attorney's fees for baseless
12 lawsuit); Chaker v. Imperial Collection Services, CV 04-2728 (C.D. Cal. 2004) (finding claims
13 without merit).

14      Then the Court denied (#38) a Supplemental Motion (#31) which essentially was a
15 motion to reconsider its prior order on the motions seal. Now Plaintiff has filed what is at least
16 the second motion to reconsider and additional notices of authority.

17 <u>II. Analysis</u>

18      A motion for reconsideration should not merely present arguments previously raised; that
19 is, a motion for reconsideration is not a vehicle permitting the unsuccessful party to reiterate
20 arguments previously presented.  See Merozoite v. Thorp, 52 F.3d 252, 255 (9th Cir. 1995);
21 Beentjes v. Placer County Air Pollution Control District, 254 F.Supp.2d 1159, at 1161 (E.D. Cal.
22 2003); Khan v. Fasano, 194 F. Supp. 2d 1134, 1136 (S.D. Cal. 2001) ("A party cannot have
23 relief under this rule merely because he or she is unhappy with the judgment.").  "As a general
24 rule, the Court does not consider evidence on a motion for reconsideration if the evidence could
25 have been provided before the decision was rendered initially." Arizona Civil Liberties Union v.
26 Dunham, 112 F. Supp. 2d 927, 935 (D. Ariz. 2000) (citing School Dist. No. 1J., 5 F.3d at 1263).
27 In order for a party to demonstrate clear error, the moving party's arguments cannot be the same
28 as those made earlier.  See Glavor v. Shearson Lehman Hutton, Inc., 879 F. Supp. 1028, 1033

(N.D. Cal. 1994).  If a party simply inadvertently failed to raise the arguments earlier, the arguments are deemed waived. See id.  It is not an abuse of discretion for a district court to decline to address an issue raised for the first time in a motion for reconsideration. See 389 Orange Street Partners v. Arnold, 178 F.3d 656, 665 (9th Cir. 1999).

Here, Plaintiff continues to provide the court with copious amounts of non-binding authority. However, all of Plaintiff's arguments have remained the same. Motions for reconsideration are not vehicles for parties to reiterate arguments that they have previously made. That is all Plaintiff has done here. To the extent that Defendant has raised new arguments or authority there is no reason that he could not have done so earlier, and they are waived.

Further, Plaintiff has used these proceedings to multiply the "danger" he alleges that he is threatened with. When he started filing these motions in 2021, there was no information on the docket from which a person could have derived personal information belonging to Plaintiff that could be used to locate him. Instead, Mr. Chaker has added personal information in his motions for no apparent reason. Further, he has updated his address with the Court knowing that the Court had denied his motions to seal and change the caption. Out of an abundance of caution, the Court has sealed these filing. However, Mr. Chaker cannot foment the need to seal filings in a public court of law. Contrary to his assertions, California state statute cannot override the public's common law right of access to federal judicial proceedings, the normal presumption in litigation being that parties use their real name. See Doe v. Kamehameha Sch./Bernice Pauahi Bishop Estate, 596 F.3d 1036, 1042 (9th Cir. 2010); Does I thru XXIII v. Advanced Textile Corp., 214 F.3d 1058, 1068 (9th Cir. 2000); United States v. Doe, 488 F.3d 1154, 1155 n.1 (9th Cir. 2007) ("We are cognizant 'that the identity of the parties in any action, civil or criminal, should not be concealed except in an unusual case, where there is a need for the cloak of anonymity").

Therefore, the Court denies Chaker's pending motions. Further, rather than be told no, Chaker has demonstrated that he will keep filing multiple motions to reconsider and seal, even after the Court has denied him relief. Accordingly, the Clerk of the Court is ordered to accept no more filings in this action from Mr. Chaker, except for a notice of appeal.

III. Conclusion

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Application to File Under Seal Attached Motion for Reconsideration (#39) is **DENIED**;

IT IS FURTHER ORDERED that the Motion for Reconsideration (#40) is **DENIED**;

IT IS FURTHER ORDERED that the Applications to File Under Seal (#41/43/45) are **DENIED**;

IT IS FURTHER ORDERED that the Clerk of the Court shall not accept filings from Mr. Chaker in this closed action without the permission of the Court, other than a notice of appeal.

Dated this 10th day of April, 2023.

Kent J. Dawson
United States District Judge